SMITH (HANOVER NAT. BANK v.). See Case No. 6,035.

SMITH (HARPER v.). See Case No. 6,092.

---

## Case No. 13,054.

### SMITH et al. v. HARTWELL.

[4 McLean, 206.] [1]

Circuit Court, D. Illinois. June Term, 1847.

JUDGMENT—MOTION TO SET ASIDE—POWER OF ATTORNEY.

A judgment will not be set aside on motion, if entered under a power of attorney, before the obligation becomes due.

[This was an action by Smith, Murphy & Co. against John Hartwell to recover the amount of a bond.]

Thompson & Lincoln, for plaintiffs.

Mr. Warren, for defendant.

OPINION OF THE COURT. On the 11th November, 1846, John Hartwell executed a bond to the plaintiffs, in the penalty of eight thousand dollars, conditioned for the payment of four thousand in one year from the date. On the same day, a power of attorney was executed by Hartwell to Sibley, or any

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

other attorney at law, authorizing him to appear in any suit brought or to be brought against said Hartwell, at the suit of the plaintiffs, on said obligation, as of any term or time, past, present, or any other subsequent term or time, there or elsewhere to be held, and confess judgment thereupon against me, the said Hartwell, for the sum of eight thousand dollars, etc. In December, 1846, by virtue of the above warrant, a judgment was confessed by E. A. Thompson, an attorney at law in this court, for eight thousand dollars; and a remittitur at the same time was entered for upwards of five thousand dollars, so as to reduce the judgment to the sum due. And a motion is now made to set aside the judgment, on the ground that it was entered on the bond before it was due. Affidavits were read, showing the transactions between the plaintiffs and defendant, and the amount due. The court set aside the judgment, on the ground that there was no appearance, and the judgment was entered prematurely. There was no appearance by the defendant. The bond was a part of the power of attorney. From the facts, the court have no doubt that the attorney acted in good faith.